UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN T. PERCLE                                              CIVIL ACTION

VERSUS                                                      NO: 10-2777

PERFORMANCE ENERGY SERVICES,                                SECTION: "A" (5)
L.L.C. & THE PRUDENTIAL
INSURANCE COMPANY OF
AMERICA

## ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 19)** filed by Defendant Performance Energy Services, L.L.C. ("Performance"). Plaintiff, John T. Percle ("Plaintiff"), opposes the Motion. The Motion, set for hearing on January 5, 2011, is before the Court on the briefs without oral argument. For the reasons that follow, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

This matter arises out of an employment dispute concerning long-term disability benefits. Plaintiff has a background in the culinary industry and formerly held a position as executive chef at Nottoway Country Club in White Castle, Louisiana. (Pl.'s Mem. Opp'n to Mot. Summ. J. 2.) In late spring of 2008, Plaintiff went to work for the Lafourche Parish Sheriff's Office. (*Id.*) On June 2, 2008, Performance contacted Plaintiff to see if he was interested in a position as a catering assistant manager for Performance's offshore catering division. (Def.'s Mem. Supp. Mot. Summ. J. 3.) According to Plaintiff, Ricky LaGrange, Performance's owner, was eager for Plaintiff to begin work immediately so that Performance could secure an account with McDermott. (Pl.'s Mem.

1

Opp'n to Mot. Summ. J. 2.) Plaintiff informed Performance that he would require the same benefits that he had been receiving from the Lafourche Parish Sheriff's Office and that he would need to discuss the employment offer with his wife. (*Id.*) The next day, Plaintiff met with Genie Ardoin, Performance's human resource director and negotiated a $50,000 salary in addition to the same benefits that he had been receiving from the Lafourche Parish Sheriff's Office, which included a 401(k), dental, employee and spouse health insurance, life insurance, and short term and long term disability insurance. (*Id.*) In particular, Performance offered disability insurance as part of an employee benefit plan through Prudential Insurance Company of America ("Prudential"). (Def.'s Mem. Supp. Mot. Summ. J. 3.) Plaintiff also was notified that all benefits would take effect thirty days after he began employment. (*Id.*) Upon accepting the job offer, Plaintiff began working immediately for Performance as of 4:00 p.m. that day. (*Id.*) Plaintiff did not receive a pre-employment physical nor was he advised about any pre-existing medical condition issues. (Pl.'s Mem. Opp'n to Mot. Summ. J. 3.) After working for Performance for one week, Plaintiff was sent for a physical, whereby the physician recommended that Plaintiff seek further evaluation of his carotid, coronary, and peripheral vessels. (Def.'s Mem. Supp. Mot. Summ. J. 4.) Subsequently, Plaintiff made an appointment with a Veteran's Administration physician to conduct further testing. (*Id.*) Plaintiff thereafter was diagnosed with blocked carotid bruits. (Pl.'s Mem. Opp'n to Mot. Summ. J. 3.) Plaintiff received short term disability benefits through Prudential, but was denied long term disability benefits based upon a pre-existing condition not covered under Prudential's policy. (*Id.* at 3-4.)

On May 18, 2010, Plaintiff filed the instant suit against Performance in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, alleging that Performance provided

Plaintiff with a "false sense of security" by guaranteeing him the same benefits that he previously had with the Lafourche Parish Sheriff's Office and that Performance failed to provide Plaintiff with a required pre-employment physical. (*Id.* at 1,4.) Plaintiff avers that if he had known that Performance's benefits did not cover pre-existing conditions, then he would not have taken the job position. (*Id.* at 4.) Subsequently, Plaintiff amended his petition to name Prudential as a defendant, alleging that Prudential negligently denied Plaintiff's claims for long term disability benefits. (Def.'s Mem. Supp. Mot. Summ. J. 2.) Performance then filed a third party claim against Prudential. (*Id.*) Prudential removed the matter to this Court on August 18, 2010. (*Id.*) Following removal, Plaintiff filed a motion to dismiss Prudential, which the Court granted. (Rec. Doc. 10.) Plaintiff also filed a motion to remand the matter back to state court, but the motion to remand was marked deficient by the Clerk. (Rec. Doc. 8.) Prudential also filed a motion to dismiss Performance's third-party demand. (Rec. Doc. 13.) After Performance failed to oppose the motion, the Court granted Prudential's motion to dismiss the third party demand. (Rec. Doc. 23.)

Performance filed the instant motion for summary judgment, arguing that Plaintiff's claims against Performance are preempted by the Employee Retirement Income Security Act ("ERISA"). (Def.'s Mem. Supp. Mot. Summ. J. 5.) Alternatively, Performance argues that the undisputed facts show that Performance has not breached a duty owed to Plaintiff. (*Id.*) Plaintiff does not dispute that the Prudential employee benefit plan is governed by ERISA, but argues that ERISA does not preempt his claim against Performance for detrimental reliance and providing a false sense of security. (Pl.'s Mem. Opp'n to Mot. Summ. J. 4.)

## II. STANDARD OF REVIEW

Summary Judgment is appropriate only if "the pleadings, depositions, answers to

3

interrogatories, and admissions on file, together with affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing Fed. R. Civ. P 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (1993)).

### III. <u>DISCUSSION</u>

#### *A. ERISA PREEMPTION LAW*

In order to rule on Performance's motion for summary judgment, the Court must determine whether ERISA preempts Plaintiff's claims against Performance. ERISA federally regulates employee benefit plans. *Rozzell v. Sec. Servs. Inc.*, 38 F.3d 819, 821 (5th Cir. 1994). ERISA's preemption clause provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employer benefit plan." 29 U.S.C. § 1144(a) (2006). A state law claim relates to an employee benefit plan if it has "a connection with or reference to such plan." *Hubbard v. Blue Cross & Blue Shield Assoc.*, 42 F.3d 942, 945 (5th Cir. 1995). Notwithstanding ERISA's broad language, the Supreme Court has observed that ERISA is not limitless, stating that

"[s]ome state actions may affect employee benefit plans in too tenuous, remote or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 100 n.21 (1983). As a result, the Supreme Court considers "'the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive,' as well as to the nature of the effect of the state law on ERISA plans." *California Div. of Labor Standards Enforcement v. Dillingham Constr., Inc.*, 519 U.S. 316, 325 (1997) (quoting *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 655 (1995)). Accordingly, the Supreme Court has determined that ERISA's preemption provision is intended "to establish a uniform administrative scheme, which provides a set of standard procedures to guide processing of claims and disbursement of benefits." *Fort Halifax Packing Co., v. Coyne*, 482 U.S. 1, 9 (1987). Given these statutory objectives, the Fifth Circuit has adopted a two-prong test for determining whether a state law claim is preempted by ERISA. *See Hubbard*, 42 F.3d at 945. ERISA preempts a state law claim "if (1) the state law claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claim directly affects the relationship between the traditional ERISA entities-the employer, the plan and its fiduciaries." *Id.*

In applying the two-prong test, the Fifth Circuit has found that ERISA preempts state law claims for improper processing of claim benefits and breach of contract because these claims require interpretation and administration of an ERISA plan. *See Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 13 F.3d 172, 176 (5th Cir. 1994) (holding that ERISA preempts state law claims for improper processing of claim benefits); *see also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 57 (1987) (finding that ERISA preempts contract and tort claims alleging improper processing of

ERISA benefits).

Conversely, the Fifth Circuit has held that ERISA does not preempt state law claims for detrimental reliance, misrepresentation, or fraudulent inducement. In *Bank of Louisiana v. Aetna Healthcare Inc.*, an employer asserted state law claims for detrimental reliance, breach of contract, and misrepresentation against an insurer that had agreed to administer and provide stop-loss insurance for the employer's self-insured employee benefit plan. *Bank of Louisiana v. Aetna Healthcare Inc.*, 468 F.3d 237, 239-40 (5th Cir. 2006). Although the Fifth Circuit held that the breach of contract claim was preempted by ERISA, the Fifth Circuit held that the employer's claims for detrimental reliance and misrepresentation based on the insurer's conduct in negotiating the stop-loss extension were not preempted by ERISA given that the claims "[did] not challenge any act or omission by [the insurer] in processing benefit claims or administering the Plan; rather they call[ed] into question [the insurer's] representations about the scope of the stop-loss extension." *Id.* at 242-43. Because the employer was not required to prove that the insurer improperly administered the Plan in order to prevail on these claims, the Fifth Circuit concluded that the detrimental reliance and misrepresentation claims did not address an area of exclusive federal concern. *Id.* The Fifth Circuit also determined that the state law claims for detrimental reliance and misrepresentation did not affect any aspect of the employer's relationship with the insurer that was regulated exclusively by ERISA given that the insurer was not acting in a fiduciary capacity when negotiating the policy. *Id.* at 243-44. Likewise, in *Perkins v. Time Insurance Co.*, the Fifth Circuit found that ERISA did not preempt a state law claim for fraud in the procurement against an independent insurance agent because the fraud claim was not so intertwined with the ERISA plan to affect the relations among the principal ERISA entities. *Perkins v. Time Ins. Co.*, 898 F.2d 470, 473 (5th Cir. 1990).

Similarly, in *Smith v. Texas Children's Hospital*, the plaintiff filed a lawsuit against her employer, Texas Children's Hospital, alleging a state law claim for fraudulent inducement and seeking disability benefits under an ERISA plan. *Smith v. Texas Children's Hosp.*, 84 F.3d 152, 155 (5th Cir. 1996.)  In *Smith*, the plaintiff claimed that she gave up accrued benefits at St. Luke's after relying on Texas Children's Hospital's promise that she would retain the same benefits if she relinquished her job and benefits at St. Luke's and came to work for Texas Children's Hospital. *Id.* The Fifth Circuit determined that the plaintiff's state law claim for fraudulent inducement was not preempted by ERISA, but that her claim for disability benefits was preempted by ERISA because it required administration of an ERISA plan. *Id.*  Unlike her claim for disability benefits, the Fifth Circuit reasoned that the plaintiff's fraudulent inducement claim was not preempted by ERISA because Texas Children's Hospital's liability for allegedly fraudulently inducing the plaintiff to leave St. Luke's was not based on the quantum of benefits under the ERISA plan, but was based on Texas Children's Hospital's conduct in allegedly misleading the plaintiff about retaining her prior benefits. *Id.* at 155-56.  The Fifth Circuit further distinguished the plaintiff's fraudulent inducement claim from her disability benefits claim given that the plaintiff was suing Texas Children's Hospital "for vested benefits that she had acquired while employed with her original employer, but then relinquished in reliance upon Texas Children's Hospital alleged misrepresentations." *Id.* at 157. The Fifth Circuit also noted that the measure of the plaintiff's injury was the same regardless of whether she pursued her recovery of benefits relinquished or of benefits denied. *Id.* at 155.

Also, in *E.I. DuPont de Nemours & Co. v. Sawyer*, employees filed suit against their employer alleging that the employer fraudulently induced them to terminate their employment and accept employment with a subsidiary that was later sold. *E.I. DuPont de Nemours & Co. v. Sawyer*,

7

517 F.3d 785, 798 (5th Cir. 2008). The Fifth Circuit determined that the employees' claims were not preempted by ERISA. *Id.* at 800. Moreover, the Fifth Circuit reasoned that there was "little danger that the employees' claims [would] intrude upon an area of exclusive federal concern" given that the employees were not required to prove that the employer's administration of the plan was improper in order to prevail on their claims. *Id.*

Additionally, in *Hubbard v. Blue Cross & Blue Shield Association*, the Fifth Circuit found that the plaintiff's state law claim for "secret coverage guidelines" was preempted by ERISA because it required interpretation and administration of the plan, but found that the plaintiff's fraudulent inducement claim for deceptive trade practices was not preempted by ERISA given that it did not require interpretation and administration of the ERISA policy. *Hubbard*, 42. F.3d at 946-47. Similarly, in *Hobson v. Robinson*, an employee and employer sued a health insurance broker for fraud and misrepresentation for failure to disclose that the broker was offering a self-funded ERISA plan with little or no assets. *Hobson v. Robinson*, 75 F. App'x 949, 951 (5th Cir. 2003). The Fifth Circuit, relying on *Hubbard*, held that the plaintiffs' state law claims against the health insurance broker for fraud and misrepresentation were not preempted by ERISA because the plaintiffs' claims did not require interpretation or administration of the ERISA plan. *Id.* at 955-56. In holding that the plaintiff's claims were not preempted, the Fifth Circuit found it significant that the plaintiff's claims were based upon benefits given up for the purpose of ERISA and were not based on the ERISA policy itself. *Id.* at 956.

### B. ANALYSIS OF ERISA PREEMPTION

Before deciding whether Plaintiff's claims are preempted by ERISA, the Court must ascertain what type of claims Plaintiff has asserted against Performance. The Court notes that

Plaintiff's petition for damages is vague regarding his cause of actions against Performance, merely stating that "Plaintiff believes [Performance] mislead him into a false sense of security and worked numerous hours and traveled extensively expecting to receive whatever benefits the company promised he would have." (Notice of Removal Ex. 1 ¶ 11.) Plaintiff also states that Performance "guaranteed [that] he was covered and cleared to obtain all company benefits." (*Id.* at ¶ 6.) In addition, in his Opposition, Plaintiff categorizes his cause of action as a claim for detrimental reliance. (Pl.'s Mem. Opp'n to Mot. Summ. J. 4.) Thus, the Court construes Plaintiff's petition for damages as claims for detrimental reliance, misrepresentation, or fraudulent inducement to the extent that Performance allegedly misled Plaintiff into believing that he would receive the same benefits that he previously had when working at the Lafourche Parish Sheriff's Office. However, to the extent that Plaintiff is claiming that he is entitled to disability benefits under Prudential's ERISA plan or that Performance committed breach of contract, his claim is preempted by ERISA, and summary judgment is granted with respect to these claims. *See Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1217-20 (5th Cir. 1992).

    Regarding Plaintiff's claims for detrimental reliance, misrepresentation, and fraudulent inducement, the Court holds that these claims are not preempted by ERISA. Moreover, the Court finds that the instant case closely resembles *Smith* and *Sawyer*. Like in *Smith* and *Sawyer*, Plaintiff is an employee who has asserted claims against his employer based on alleged misrepresentations made by the employer concerning an ERISA plan's coverage. Similar to the plaintiffs in *Smith* and *Sawyer*, Plaintiff relinquished accrued benefits from a prior job position at the Lafourche Parish Sheriff's Office based on his employer's alleged promise that Plaintiff would retain the same benefits. As in *Smith* and *Sawyer*, Plaintiff's misrepresentation claims are not preempted by ERISA

because Performance's liability for allegedly inducing Plaintiff to leave his job at the Lafourche Parish Sheriff's Office is not based on the quantum of benefits under the ERISA plan, but rather is based on Performance's conduct in allegedly misleading Plaintiff about retaining his prior benefits. Furthermore, under *Bank of Louisiana* and *Sawyer*, Plaintiff's misrepresentation claims do not require that Plaintiff prove that Performance improperly administered the plan; Plaintiff need only demonstrate that Performance misrepresented the scope of coverage. In addition, like in *Hubbard* and *Hobson*, but unlike *Pilot Life* and *Memorial Hospital Systems*, Plaintiff's misrepresentation claims against Performance do not contradict congressional intent because Plaintiff's claims do not require interpretation or administration of the ERISA policy.

Based on Fifth Circuit precedent, the Court concludes that Plaintiff's misrepresentation claims do not address an area of exclusive federal concern because Plaintiff is suing Performance for vested benefits that he acquired while employed at the Lafourche Parish Sheriff's Office and then surrendered in reliance upon Performance's alleged misrepresentations. In accord with *Bank of Louisiana* and *Perkins*, the Court also finds that Plaintiff's misrepresentation claims do not affect any aspect of Plaintiff's relationship with Performance that is regulated by ERISA because the misrepresentation claims are not so intertwined with the ERISA plan to affect relations among ERISA's principal entities. Rather, Performance's conduct only relates indirectly to the ERISA plan. Therefore, the relationship between Performance and Plaintiff derives from the state law claims, not the ERISA plan itself. Thus, the Court concludes that Plaintiff's claims for detrimental reliance, misrepresentation, and fraudulent inducement are only remotely related to the ERISA plan.

Given that ERISA does not preempt Plaintiff's state law misrepresentation claims, and the Court has granted summary judgment on any claims that Plaintiff has asserted for disability benefits,

no basis for federal jurisdiction remains. Therefore, Plaintiff's complaint for detrimental reliance, misrepresentation, and fraudulent inducement must be remanded to state court.

## IV. <u>CONCLUSION</u>

Accordingly, and for the foregoing reasons;

**IT IS HEREBY ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 19)** filed by Defendant Performance Energy Services, L.L.C. is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted to the extent that Plaintiff asserts claims for disability benefits, breach of contract, or improper processing of claim benefits. The motion is denied to the extent that Plaintiff asserts claims for detrimental reliance, misrepresentation, or fraudulent inducement.

**IT IS FURTHER ORDERED** that any claims asserted by Plaintiff for disability benefits, breach of contract, or improper processing of claim benefits are **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER ORDERED** that Plaintiff's claims for detrimental reliance, misrepresentation, and fraudulent inducement are **DISMISSED WITHOUT PREJUDICE** and **REMANDED** to state court in accordance with this opinion.

This 31st day of January 2011.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE